**In re John W. CHUNG, Debtor.**

No. 97–30438–S.

United States Bankruptcy Court,
E.D. Texas,
Paris Division.

March 7, 2001.

Philip R. Livingston, Livingston & Livingston, P.C., Houston, TX, for NEMC.

G. David Smith, Dallas, TX, for Debtor.

Joyce Lindauer, Dallas, TX, Chapter 11 Trustee.

### OPINION

DONALD R. SHARP, Chief Judge.

Now before the Court is the Joint Notice of Disposition of Property ("Notice") filed by John W. Chung (the "Debtor") and the Chapter 11 Trustee of this bankruptcy estate and the objections thereto filed by Northeast Medical Center, L.P., an interested party ("NMC"). The Court considered the pleadings filed, the arguments of counsel and the record in this case. This opinion constitutes the Court's findings of fact and conclusions of law required under Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 10, 1997, the Debtor filed his petition for relief under Chapter 11 of the Bankruptcy Code and Joyce Lindauer was appointed as Chapter 11 Trustee (the "Trustee"). The subject matter of the dispute before this Court is a cause of action for breach of contract and conversion of the Debtor's property pending in the 6th Judicial District Court of Fannin County, Texas filed in October,1998 (the "District Court Action"). On July 10, 1998, the Trustee abandoned the Debtor's potential

lawsuit against NMC for damages allegedly sustained in an "employment dispute."[1] In conjunction with same, however, the Trustee filed a complaint for turnover of property against NMC. The property consisted of office furnishings and equipment scheduled by the Debtor in the amount of $75,000 and gold coins in the amount of $150,000. The adversary proceeding ultimately was resolved by the Trustee's motion for dismissal on the basis that a plan of reorganization was confirmed that provided 100% payment to all creditors of the estate and because the Trustee was "unable to verify the existence of the alleged assets." Following the notice of abandonment of the employment claims, but prior to the resolution of the adversary proceeding, the Debtor filed the District Court Cause of Action.[2]

Notwithstanding the Trustee's admitted inability to verify the existence of the assets in controversy at the time she dismissed the adversary, the Trustee now joins the Debtor in filing a Notice of Disposition of Property. The notice seeks approval of the transfer to Debtor of the estate's interest in the assets and this Court's order allowing the Debtor to pursue his claims in state court. NMC objected and the matter came on for regular hearing after which it was taken under advisement.

## *DISCUSSION*

The Trustee and Debtor assert that no damage or expense to the estate will result from allowing the Debtor to pursue his claims against NMC in the state court and requests this Court's order allowing same. The Trustee and Debtor further assert that it would be beneficial to the estate for the Debtor to continue his claims in the District Court Action for the value of the property allegedly converted, provided that any recovery upon such claims be first applied to the remaining amounts due to creditors of the estate under the plan of reorganization.

NMC filed two pleadings objecting to the relief sought in the Joint Notice of Disposition of Property. Such pleadings, while replete with argument, fail to provide any authority or evidence based upon which this Court can deny the relief requested by the Debtor and the Trustee.

▪ NMC avers that the dismissal of the claims in the adversary proceeding was "final for all purposes and the statute of limitations has expired." NMC appears to misconstrue the intent of the order. Although the order became final, the dismissal was without prejudice to refiling according to the specific language of the Agreed Motion of Dismissal and Agreed Order of Dismissal. NMC glosses over the specific language of the Agreed Order of Dismissal it executed as Defendant which provides that the matter is "dismissed without prejudice" to refiling especially, according to the Agreed Motion of Dismissal, upon "credible evidence as to the existence of the alleged assets". In addition, respecting the finality argument, it is not the Trustee who seeks to prosecute claims against NMC on behalf of the estate, rather it is the Debtor. Neither does the Trustee intend to subsidize the cost of the prosecution with estate assets. The dismissal encompassed only the Trustee's actions on behalf of the bankruptcy estate to obtain turnover of property. No language in the Agreed Motion of Dismissal or Order on same binds the Debtor or prohibits him from pursuing the action. Certain of the Debtor's rights were preserved in the District Court by the pending action there. Other of the Debtor's rights were preserved by confirmation of the plan. Also, property and rights revested in the Debtor under 11 U.S.C.

---

1. The breach of contract claim was scheduled by the Debtor as unliquidated in the amount of $0.00.

2. This Court is not aware of the specific counts alleged in the District Court Action and has not been apprised as to whether they include employment claims abandoned by the Trustee as well as conversion claims.

§ 1141(b) following confirmation. *11 U.S.C. § 1141(b).* NMC's finality argument thus fails.

■ NMC argued at trial that the statute of limitations has expired. The appropriate Court in which to raise that objection is the state court where the action is being pursued.

NMC advocates that the Debtor lacks standing to bring the cause of action in the District Court in October 1998. The appropriate venue in which the Debtor's standing in such action may be challenged is such Court. NMC also objects to the Trustee's right to bring such action. The Trustee's standing and right to proceed is not relevant given that she does not seek to prosecute the action against NMC before the District Court on behalf of the Debtor's estate; neither does she seek to prosecute claims against NMC in this Court at this juncture.

■ NMC fails to support its claim that the Debtor never acquired standing to bring the cause of action for conversion of the property which was the subject of the adversary proceeding. With respect to the employment related claims, the effect of abandonment by a trustee, whether accomplished by affirmative act under 11 U.S.C. § 554(a) or (b) or by failure of administration under sub-paragraph (c), is to divest the trustee of control over the property because once abandoned, property is no longer a part of the bankruptcy estate. 4 Collier on Bankruptcy § 554.02 (15th Ed.) 554–7, 554–8. Drake & Mullins, Bankruptcy Practice § 5.16 (1980). Thus, the Debtor had standing to pursue such claims upon abandonment and, the record

shows that he did so. As to the Debtor's standing to pursue action respecting the property which was the subject of the adversary, notwithstanding that such property vested in the Debtor upon confirmation, the appropriate forum in which to object to the Debtor's standing at the time of the filing of the action is the Court in which the action was filed.

NMC challenges the District Court's jurisdiction. The appropriate Court in which to raise that objection is the state court where the action is being pursued.

According to the Joint Notice, because no estate funds will be utilized to prosecute the action, this Court cannot find any negative impact on the estate or its creditors likely to result if the Debtor is permitted to go forward in the District Court. Certainly, none has been demonstrated. Should the action resolve itself in favor of the Debtor, there is a possibility of early completion of payments to creditors required under the plan. Challenge to the propriety of early payment under the confirmed plan of reorganization is not ripe for consideration.

Finally, NMC's Supplemental Objection observes that the Trustee discloses no method or agreement for the allocation of proceeds, if any, from the Debtor's causes of action. The Joint Notice specifically states that recovery is to be applied first to remaining claims. In addition, at trial movants represented in open court that any funds recovered would be returned to the estate. Until adjudication of the cause of action, further specifics on method are premature.[3,4]

3. NMC opines that the Trustee has taken action solely for the benefit of the Debtor and that she is in violation of her duties made a part of the appointment in this case. The evidence supports this Court's contrary conclusion.

4. The Joint Notice of Disposition of Property was filed Pursuant to Rule 6007. Given the Court's conclusion that the rights to pursue the causes of action in State court reverted to

the Debtor on the Trustee's abandonment of same and upon the confirmation one might conclude that the Court lacks subject matter jurisdiction of this matter and that it should be dismissed. However, in this case the Bankruptcy Court retained jurisdiction under the terms of the confirmed plan and specifically Section 3 of same of disputes of exactly this nature.

### CONCLUSION

NMC's objections are meritless and, therefore, NMC's objections are overruled. An order will be entered accordingly.